IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TYRONE BRADLEY, #348223<br>    Plaintiff,<br>    v.<br><br>WARDEN J.P. MORGAN<br>LT. BELVINS<br>WILLIAM KELLER<br>    Defendants. | *<br><br>*  CIVIL ACTION NO. AW-13-cv-2855<br>*<br><br>*<br><br>***** |

MEMORANDUM

On September 26, 2013, Plaintiff, who is confined at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland, filed this 42 U.S.C. § 1983 civil rights action for damages alleging that while working as an institutional cook at MCTC on July 31, 2013, his right hand was badly burned when he was attempting to remove cooked food clogged in a pipe from a "large steam pot." He seemingly claims that he requested but was not provided "standard" long black rubber gloves "that are supposed to be used to remove the food or unclog the pipe." ECF No. 1. Plaintiff contends that he was given "thin" blue rubber latex or "trash man" gloves and a yellow cloth and the hot water and food got inside his gloves, causing him to be badly burned on the left side of his right hand. (*Id.*).

Plaintiff has filed neither an indigency motion nor the filing fee. He shall not, however, be required to cure this deficiency. For reasons to follow, his Complaint shall be dismissed without requiring service of process on Defendants.

The court finds that no Eighth Amendment violation has been demonstrated. While the Constitution does not mandate comfortable prisons, the "officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee

the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 824, 832 (1994). Two requirements must be met to sustain a § 1983 conditions of confinement claim. First, the alleged violation must be "sufficiently serious;" that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834. Stated another way, to rise to the level of an Eighth Amendment violation, prison conditions must be so serious as to deprive an inmate "of the minimal civilized measure of life's necessities." *Id.* An inmate may set out a condition of confinement claim by alleging that he was deprived of a basic human need which was objectively sufficiently serious and that subjectively prison officials acted with a sufficiently culpable state of mind to expose him to those conditions. *See Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993).

Upon review of the Complaint, the court finds that Plaintiff has failed to set out an allegation which shows that MCTC personnel were deliberately indifferent to the conditions and knew that the failure to provide Plaintiff "standard" long gloves, would cause him injury. While the incident was unfortunate, it is not actionable under § 1983.[1]

For the aforementioned reasons, Plaintiff's 42 U.S.C. § 1983 Complaint shall be dismissed for the failure to state a claim. A separate Order follows.

Date: October 3, 2013                  /s/
                                           Alexander Williams, Jr.
                                           United States District Judge

---

[1] At best, under these circumstances Plaintiff asserts a tort claim, not a claim of a civil rights violation cognizable under § 1983. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986).